Supreme Court—General Term—First Department.

*January*, 1885.

## PEOPLE *v.* MARTIN.

POSSESSION OF FORGED INSTRUMENT WITH INTENT TO UTTER.

Defendant was indicted for having in his possession a forged coupon of a railroad bond, with intent to utter, dispose of and put off the same. (*Penal Code*, § 521.) The forged coupon, which was signed, was attached to a forged bond, sealed, but not signed, found in possession of defendant. Defendant testified that the package containing the bond and coupon had been placed in his care by one S. to be returned to S. on demand. *Held*, that such custody, with an intent to return them to S., even with a knowledge that the bond and coupon were forged, did not constitute the offense charged in the indictment.

APPEAL by defendant, Lewis R. Martin, from a judgment of conviction of forgery in the first degree.

The defendant, with two others, was indicted November 20, 1883, in the court of General Sessions of New York, of the crime of forgery in the first degree, and his demurrer being overruled (reported 2 *N. Y. Crim. Rep.* 51), the indictment was tried in said court, before HON. RUFUS COWING, city judge, and a jury, who found the defendant guilty of the offense charged; whereupon he was sentenced to

imprisonment in the state prison, at hard labor, for the term of ten years.

The indictment charged, that on November 10, 1883, the defendant and William E. Brockway and Nathan B. Foster, had in their possession a forged coupon of the Morris & Essex R. R. Co. of New Jersey, with intent to utter, dispose of, and put off the same as true, well knowing the same to be forged, against the form of the statute, etc.

It appeared on the trial, that the defendant Martin resided for some time before his arrest, at the St. James Hotel, New York city, and that the defendants Brockway and Foster, under the respective fictitious names of Spencer and Miller, resided at No. 231 Lexington avenue, in said city, during which period defendant and Brockway (or Spencer) frequently visited each other at these places.

On November 10, 1883, the defendants Martin and Foster were arrested at No. 231 Lexington avenue. Brockway had been arrested on the same day. A search of the premises discovered a trunk in a hall room, which Foster said was his, and which was examined in his presence and in that of the defendant Martin. In it were found different bundles of type, plumbago, a battery, dyes and seals. The type conformed with the certificate on the back of the forged bond. There were also two seals of the Central Pacific Railroad. On the same night Martin's room at the St. James hotel was also examined, and in a wardrobe there, were found two valises. In one, which was locked, was a sealed package in which were discovered thirty-three forged bonds of the Morris & Essex Railroad Company, all numbered, four seals, three quills, and writing paper upon which were good imitations of the signatures of Samuel Sloan and Charles E. Carroll, respectively president and treasurer of the Delaware & Lackawanna Railroad Company, by which the Morris & Essex railroad was operated at the date of the issue of the genuine bonds, in October, 1881. The coupon set out in the indictment was attached to one of these bonds. In the other valise, which was not locked, were found twenty-one Morris & Essex bonds, not numbered. The seals found in the rooms of Martin and Foster were the seals appearing on the forged bonds. A tag on the small valise was addressed to

L. R. Martin, San Francisco. Brockway pleaded guilty . to forging the bond, including the coupon, found in the possession of Martin, and set out in the indictment.

The coupon which was set out in the indictment was proved to be a forgery, and it was admitted that it and the bond to which it was annexed, so far as completed, were forgeries of one of the genuine bonds. The forged bond was under seal, but was not signed by the president or treasurer of the company. To it were attached forty-two coupons for the payment of interest, duly signed, of which the coupon set out in the indictment was one.

Defendant, after calling witnesses to his good character, attempted to explain his possession of the bonds and coupons, by stating that he had received them from Brockway (or Spencer), for safe keeping, and that he did not know what they were. In rebuttal, there was evidence attacking his character.

Among other exceptions taken by defendant, was one to the refusal of the court to charge the request, set forth in the opinion.

*Peter Mitchell*, for the prisoner, appellant.—I. The coupon set out in the indictment was attached to a $1,000 bond of the Morris & Essex Railroad Co. of New Jersey. The bond was unfinished; it did not contain the names of the president or treasurer of the company. The whole instrument was void on its face; it could not defraud any person. It was not a forged instrument within the meaning of the statute. Cunningham *v.* People, 4 *Hun*, 457; People *v.* Shall, 9 *Cow.* 778; People *v.* Fitch, 1 *Wend.* 198; People *v.* Wilson, 6 *Johns.* 320; People *v.* Stearns, 21 *Wend.* 409; People *v.* Harrison, 8 *Barb.* 560. The pleader sought to overcome this rule of law by separating the coupon from the bond, and drawing the indictment against defendant, for having in his possession a forged coupon, with intent to utter it. This action of the pleader cannot receive judicial sanction.

II. The learned court erred in its refusal to charge the jury. If Martin had been merely a custodian of the package delivered to him by Spencer (with a knowledge of its contents), he would not be guilty of the crime charged in the indictment, of having

a forged instrument in his possession, with intent to utter and pass it off as true, for the purpose of defrauding some person or persons; the real essence of the offense being the intent to utter and pass off as true. Returning the package in question cannot be considered as an uttering, within the meaning of the law. Therefore, it was clearly error to refuse the request made, thereby allowing the jury to infer, that if Martin was only keeping the bonds temporarily for Spencer, with an intention to return them to him, that they could find him guilty, under the provisions of the statute upon which the indictment was found. It cannot be said that this refusal to charge did not mislead the jury; on the contrary, it was clearly prejudicial to the defendant, and for this error alone, the judgment should be reversed. People v. Conroy, 2 N. Y. Crim. 565.

*Randolph B. Martine*, district attorney, and *De Lancey Nicoll* (assistant), for the people, respondent.—I. The railroad coupon set forth in the indictment was a complete instrument, purporting on its face to be good and valid for the purpose for which it was created. It was, therefore, a subject of forgery. It appears that the coupon was attached to a bond under seal, but not signed by the president and treasurer of the company. It is now argued by the defendant that the coupon is a part of the bond, and that the bond being incomplete the coupon is also an incomplete instrument upon which forgery cannot be predicated. The coupon is a separate and distinct instrument from the bond. It is a promise to pay a different sum of money from that mentioned in the bond, at a different date, and for a different purpose, as well as the bond itself, and whether attached to it or detached from it, it is a complete negotiable instrument, the title to which can be transferred by delivery only. It is not necessary, if the instrument be complete, that it should be in a negotiable state, provided it be in fact negotiable. *Archbold Cr. Pr.* 1627; Rex v. Wicks, *Russ. & Ry. C. C.* 149.

II. The learned judge did not err in his refusal to charge as requested. If the defendant, having the bonds in his possession, knowing them to be forged, intended to return them to Spencer for the purpose of uttering them through Spencer,

he would clearly be guilty of the offense charged in the indictment. The request does not contain an accurate proposition of law, and it was therefore properly refused. Jones *v.* People, 6 *Park.* 126; Tomlinson *v.* People, 5 *Park.* 313.

By the Court.—Brady, J.—The appellant asserted that the bonds which were alleged to have been forged were placed in his care by Spencer, to be returned to him upon his request, and the court was asked to charge that if he " was keeping the bonds for Spencer, with a knowledge of their character, and intending to return them to Spencer when the latter desired, the defendant would not be guilty of the offense charged in the indictment."

It must be borne in mind that the bonds were incomplete, not having been signed, and their invalidity was not affected by the circumstance that the coupons attached to them were signed. It must also be kept in view that the coupons, if not detached from the bonds, would be invalid, because of the imperfect character of the bonds themselves to which they were attached and to which they related. If the bonds were issued in the condition in which they were found in the appellant's apartment, they would be valueless, for the reasons suggested, namely, that the bonds were not signed, and notice would be given by that circumstance that they were not legally issued. If the appellant was the custodian of them, as he alleged, even if he knew their character, and intended to give them back to Spencer from whom he received them, when the latter desired that he should do so, he would not be guilty of any offense for merely holding them in his custody; *non constat*, but that they would not be signed.

For these reasons the judgment pronounced should be reversed and a new trial ordered.

Davis, P. J., Brady and Daniels, JJ., sitting.